**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

ARTHUR LEE CHANDLER, )
)
    Movant, )
)
v. )      Civ. No. 2:20-cv-02526-SHL-atc
)      Cr. No. 2:09-cr-20518-02-STA
UNITED STATES OF AMERICA, )
)
    Respondent. )

**ORDER TRANSFERRING SECOND OR SUCCESSIVE
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
TO SIXTH CIRCUIT COURT OF APPEALS**

Before the Court are two motions by pro se Movant Arthur Lee Chandler, a motion to reopen his case (ECF No. 12) and a motion to reconsider his § 2255 motion under Rule 59(e) (ECF No. 13). The Court construes these motions as attempts to file a second or successive § 2255 motion, and thus transfers these motions to the United States Court of Appeals for the Sixth Circuit for authorization to proceed with a second or successive § 2255 motion.

In December 2009, Movant and a co-defendant were charged with carjacking, using a firearm during the carjacking, Hobbs Act robbery, and using a firearm during a robbery. (No. 09-cr-20518, ECF No. 1.) Following a bench trial, the Court convicted Defendant on all four counts, and the Sixth Circuit affirmed. United States v. Chandler, 486 F. App'x 525, 526 (6th Cir. 2012).

Defendant filed his initial § 2255 motion in 2013, which this Court denied and the Sixth Circuit affirmed. Chandler v. United States, No. 13-cv-2646, ECF No. 17 (W.D. Tenn. Aug. 20, 2013). In 2016, the Sixth Circuit authorized a successive § 2255 motion, In re Chandler, No. 16-

5806 (6th Cir. Oct. 5, 2016), which this Court denied on the merits without appeal, Chandler v. United States, No. 16-cv-02799, ECF No. 10 (W.D. Tenn. Aug. 25, 2017).  The Sixth Circuit subsequently denied several more authorization requests.  In re Chandler, No. 19-6272 (6th Cir. Feb. 26, 2020); No. 19-5478 (6th Cir. Nov. 5, 2019); No. 18-5519 (6th Cir. Oct. 12, 2018).

In July 2020, Defendant filed this § 2255 motion in this Court.  (ECF No. 1)  He withdrew it on May 11, 2021 (ECF No. 10), moved to reopen the case on September 20 (ECF No. 12), and moved for reconsideration on November 2 (ECF No. 13).

Movant's effort to reopen and reconsider the previously filed § 2255 motion is construed as an attempt to pursue a third § 2255 motion without leave to file a second or successive petition for writ of habeas corpus.  See In re Bowling, 422 F.3d 434, 435 (6th Cir. 2005) ("We construe his request for a certificate of appealability as an application for leave to file a second or successive petition for a writ of habeas corpus.").  This Court lacks the authority to decide this § 2255 Motion because the Sixth Circuit Court of Appeals has not approved its filing.  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); see also Moreland v. Robinson, 813 F.3d 315, 325 (6th Cir. 2016) ("[T]he district court should have transferred those motions here for processing as requests for permission to present claims in a second or successive habeas petition." (citing In re Sims, 111 F.3d 45 at 47)).

Therefore, under In re Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby **ORDERED** that the Clerk **SHALL** transfer this § 2255 Motion to the United States Court of

Appeals for the Sixth Circuit.  In addition, the Clerk **SHALL** close this case without entry of a judgment.

  **IT IS SO ORDERED**, this 21st day of July, 2026.

           s/ Sheryl H. Lipman
           SHERYL H. LIPMAN
           CHIEF UNITED STATES DISTRICT JUDGE